**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANET M. COLLINS, | ) Case No. 2:13-cv-00613-RFB-CWH |
| Plaintiff, | ) |
| | ) **FINDINGS AND RECOMMENDATION** |
| vs. | ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Janet M. Collins's application for a period of disability and disability insurance benefits pursuant to Title XVI of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Summary Judgment/Request to Present New Evidence (#16)[1], filed on July 12, 2013, and the Commissioner's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion (#24), filed on November 5, 2013. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4.

**BACKGROUND**

**I.    Procedural History**

On October 23, 2009, Plaintiff filed an application for supplemental security income, alleging disability beginning September 13, 2009. (A.R. 136-141).[2] Her claim was denied initially on January 27, 2010, and upon reconsideration on August 31, 2010. (A.R. 73-77, 78-79). On September 7, 2011, Plaintiff and her representative appeared for a hearing before Administrative Law Judge

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. (Notice of Manual Filing #6.)

("ALJ") Barry H. Jenkins. (A.R. 29-70). Plaintiff requested a period of disability beginning September 13, 2009. (A.R. 29). On September 22, 2011, the ALJ issued an unfavorable decision finding the Plaintiff had not been under a disability, as defined in the Social Security Act, since October 23, 2009, the date the application was filed, through the date of the decision. (A.R. 29-37). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 4, 2013. (A.R. 1-6). On April 10, 2013, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl. #1).

## II.   The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 and issued an unfavorable decision on September 22, 2011. (A.R. 29-37). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since October 23, 2009, the date of the application date. (A.R. 31, Finding 1). At step two, the ALJ found that Plaintiff had the following medically determinable impairment: obesity. (20 CFR 416.921 et. seq.) (A.R. 31, Finding 2). He found, however, that her obesity was not severe as defined by the Act because it did not significantly limit her ability to perform basic work-related activities for 12 consecutive months, and denied her application. (20 CFR 416.921, et.seq.) (A.R. 31, Finding 3).

## DISCUSSION

## I.   Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## II.   Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts*

3

*v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996).  To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  More specifically, the individual must provide "specific medical evidence" in support of his claim for disability.  20 C.F.R. § 404.1514.  If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy.  *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled.  *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required.  *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  The first step requires the ALJ to determine whether the individual is currently engaging in SGA.  20 C.F.R. § 404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit.  20 C.F.R. § 404.1572(a)-(b).  If the individual is currently engaging in SGA, then a finding of not disabled is made.  If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities.  20 C.F.R. § 404.1520(c).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.  20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3]  If the

---

[3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

1   individual does not have a severe medically determinable impairment or combination of impairments,

2   then a finding of not disabled is made.  If the individual has a severe medically determinable

3   impairment or combination of impairments, then the analysis proceeds to the third step.

4       The third step requires the ALJ to determine whether the individual's impairments or

5   combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R.

6   Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the

7   individual's impairment or combination of impairments meet or equal the criteria of a listing and

8   meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R.

9   § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal

10  the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

11      Before considering step four of the sequential evaluation process, the ALJ must first

12  determine the individual's RFC.  20 C.F.R. § 404.1520(e).  The RFC is a function-by-function

13  assessment of the individual's ability to do physical and mental work-related activities on a sustained

14  basis despite limitations from impairments.  *See* SSR 96-8p.  In making this finding, the ALJ must

15  consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can

16  reasonably be accepted as consistent with the objective medical evidence and other evidence.  20

17  C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p.  To the extent that statements about the intensity,

18  persistence, or functionally limiting effects of pain or other symptoms are not substantiated by

19  objective medical evidence, the ALJ must make a finding on the credibility of the individual's

20  statements based on a consideration of the entire case record.  The ALJ must also consider opinion

21  evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-

22  6p, and 06-3p.

23      The fourth step requires the ALJ to determine whether the individual has the RFC to perform

24  his PRW.  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually

25  performed it or as it is generally performed in the national economy within the last 15 years or 15

26  years prior to the date that disability must be established.  In addition, the work must have lasted long

27  enough for the individual to learn the job and performed at SGA.  20 C.F.R. § 404.1560(b) and

28  404.1565.  If the individual has the RFC to perform his past work, then a finding of not disabled is

made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If he is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

**III.    Analysis and Findings**

Plaintiff makes no argument to reverse the ALJ's decision, but asks that she be allowed to present new evidence that she is disabled.   The Commissioner responds that Plaintiff has failed to establish that the ALJ committed any reversible error.  The Commissioner further argues that Plaintiff was represented by counsel at the hearing and did not object to the completeness of the administrative record, reviewed the exhibits, and had no objections.  (A.R. 44).

The Court has reviewed the record and finds that the ALJ properly concluded that Plaintiff did not have any impairment, or combination of impairments, that significantly limited her ability to work.   Despite Plaintiff's testimony, the ALJ credited the testimony of Dr. Sherman, Dr. Blando and Dr. Doddy who both concluded that Plaintiff could sit, stand, and walk for six hours in an eight hour workday, frequently lift twenty-five pounds and occasionally lift fifty pounds, with no restrictions bending, squatting, kneeling, pushing, pulling, grasping or using her hands.  (A.R. 35-36, citing A.R. 214,-215, 217-222, 286).  The ALJ also properly concluded, after in-depth discussion, that Plaintiff's testimony was not credible because it was inconsistent and contradicted by the medical evidence and her conservative treatment.

Plaintiff seeks to submit new medical evidence from Dr. Zedek and Ms. Thomte.  (See, #16). Dr. Zedek indicates that Plaintiff "cannot function in any kind of environment," and Ms. Thomte opines that Plaintiff cannot function in a work environment.  The court has reviewed the new evidence.  *See Brewes v. Comm'r Soc. Sec.*, 682 F.3d 1157 (9th Cir. 2012) (district court reviews new

evidence to "determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence.").   None of the proposed new evidence concerns the relevant time period, from the date of the application on October 23, 2009 to the date of the ALJ's decision on September 22, 2011.  Ms. Thomte, a therapy intern, is not a physician, psychologist, or other acceptable medical source under the act. *See* 20 C.F.R. § 416.927(a)(2) (defining medical opinions as "statements from physicians and psychologist or other acceptable medical sources that reflect judgments about the nature and severity of your impairments").

Both Dr. Zedek and Ms. Thomte fail to specify when they believe Plaintiff first became unable to function in a work environments. While Dr. Zedek states that Plaintiff "has been diagnosed with schizoaffective disorder with bipolar subtype," he fails to offer any specific information about this diagnosis, such as who made it and when, what information it was based upon, and how it affected Plaintiff or precluded Plaintiff from performing any basic work activity. In short, Dr. Zedek and Ms. Thomte's bare assertions do not disturb the validity of the ALJ's decision. *See* 20 C.F.R. § 416.927 ("The more a medical source presents relevant evidence to support an opinion . . . the more weight we will give to that opinion."); *see also Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not"). Additionally, both Dr. Zedek and Ms. Thomte's opinions speak to the ultimate issue of disability, which is an administrative finding exclusively reserved for the Commissioner. See 20 C.F.R. § 416.927(d)(1) (Commissioner alone is responsible for determining whether a claimant has satisfied the statutory definition of "disability" under the Act; *see also* Soc. Sec. Ruling (SSR) 96–5p, 1996 WL 374183, *6 (Opinions as to whether a claimant is "disabled" or "unable to work" constitute administrative finding exclusively reserved for the Commissioner); *see, e.g., McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("evaluation of a disability is an administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity").

The treatment notes from March 12, 2012 through June 25, 2013 are one-page pre-printed forms which indicate that Plaintiff routinely had only mild symptoms, was alert and oriented, had intact insight and judgment, well-delineated thoughts, and was stable on her medications. These

treatment notes do not invalidate the ALJ's findings and conclusions. The ALJ specifically considered Plaintiff's mental capabilities and concluded that she did not have any mental impairments that substantially limited her ability to work in any way.  (Tr. 29–37).  Moreover, the ALJ considered evidence of Plaintiff's alleged hallucinations and paranoia and noted that Plaintiff's physicians referred her to neurological testing to determine whether her symptoms were caused by a mental impairment or chronic drug abuse, but Plaintiff never completed the neurological testing.  (A.R. 34 citing A.R. 313).  Neither Dr. Zedek nor Ms. Thomte state whether they conducted any neurological testing to rule out drug abuse as the cause of her alleged paranoid hallucinations.

Plaintiff submits a letter dated June 16, 2013 from Farheen Rasoon, M.D. that states that Plaintiff appeared for a follow-up visit in his rheumatology clinic for joint pain and arthritis in her knee. Dr. Rasoon opines that arthritis "can cause" limitations that can make it difficult to perform community service.  Dr. Rasoon does not describe his relationship with Plaintiff or provide any treatment notes beyond this single visit. He does not state that Plaintiff cannot work or that she has any physical limitations.

Plaintiff's new evidence does not undermine the ALJ's findings and conclusions. *See, Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("If the record would support more than one rational interpretation, we defer to the ALJ's decision"); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld").

### IV.   Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence.  It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion.  Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and does articulate sufficient rationale to satisfy the requisite legal standards.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment/Request to Present New Evidence (#16) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross Motion for Summary Judgment (#24) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated: September 15, 2014.


_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**